Page 24, 1341, USA v. Timothy Baker, or arguments not to exceed 15 minutes per side, Mr. Yeager, you may proceed for the appellate. Good morning. Good morning. May it please the Court, my name is Steve Jagger and I represent Timothy Baker in this appeal. I ask the Court to reserve three minutes for rebuttal. Very good. Mr. Baker is currently serving a 600-month sentence, 20 years of which were added pursuant to 18 U.S.C. 2251e and another 10 years were added under 18 U.S.C. 2260a. In total, 30 years were added to his sentence because of a 1997 blended sentence he received as a juvenile in Michigan Juvenile Court. The sequence of facts raises multiple issues, of which I would like to address just one today. Turning to that issue, the Court below decided that the 1997 blended sentence contained two predicate offenses to trigger a mandatory minimum 35-year sentence under 2255e. 18 U.S.C. 5032 provides that federal courts do not have jurisdiction over juveniles and juveniles who are alleged to have committed acts of juvenile delinquency. Count 1 of Mr. Baker's indictment charged him with a violation of 2251a, conspiracy to exploit a child. The original mandatory minimum was 15 years. If he had one prior qualifying conviction, it raised it to 25 years, while two qualifying convictions raised it to 35 years. According to 2251e, an enhanced sentence applies to individuals with prior convictions under certain federal or state laws, including those relating to sexual abuse or exploitation of  determining whether something is a conviction. Are we looking at Michigan law or federal law? Well, I think that has changed throughout the course of the briefing. Originally, I think the parties kind of agreed that we were looking at Michigan law and how Michigan law decided a conviction. But with the additional citation recently filed by my colleague on the other side, they're arguing now that federal law governs. I think based on this case, we have to look at how the Michigan Juvenile Court treated Mr. Baker at the time of his conviction and sentencing, because both of those kind of create a muddy mess of how he was treated by that court and how subsequent treatment of him affected his ultimate sentence. You're saying in this case we have to look at that? I mean, the statute says conviction, so why are we specifically looking at Michigan law for this case as opposed to any other case that arises under this particular statute? I think he would look at any state law and how that state law defines how a juvenile is either adjudicated, disposed of, or whether or not it's an adult sentence. Why isn't it clear here that the judgment of conviction is as an adult? The judgment of conviction states, and I quote, the case was designated by the prosecutor for trial of the juvenile in the same manner as an adult. And then the court at sentencing says the best interest of the public would be served by sentencing the juvenile as an adult. I mean, isn't it clear that it's an adult conviction, an adult sentence? Well, I think that's two different questions. I don't think it is clear, because I think, first of all, when the case was designated as an adult, Mr. Baker was charged with one thing, but later plied down to something lesser than what he was originally charged with. And also, under Michigan law, even if a conviction is obtained in a designated case, the trial court still has the option of imposing a juvenile disposition. This wasn't a juvenile disposition. He's sentenced to prison. But not originally. Originally, he was- Well, it was a blunt, till he became 18, or whatever it was. Then he went to prison. But I think that that three-year period is what makes this case different from just the general run-of-the-mill application of the law. Because he was 13, the offense conduct occurred originally in the juvenile case when Mr. Baker was 13 to 15 years old. At the time that he was sentenced, he was 16. He was originally sentenced by the juvenile division and given a juvenile placement in a residential treatment facility. The entire 97 case was handled by the juvenile court. The juvenile court judgment refers to him as a juvenile over 10 times in that judgment. The order that was ultimately imposed provides a clear blended sentence that says the sentence of imprisonment is delayed until further order of the court. Juvenile is placed on probation in the temporary custody of the court until his 19th birthday. The court delayed determination of an adult sentence until after review of juvenile rehabilitation three years later. The juvenile shall be placed in a residential treatment facility until successful completion of the program. The pretrial services report reflects Baker's sentence was a blended juvenile and adult sentence. And the order also reflected that violation of his probation may result in this order being revoked and the term of imprisonment ordered. Can I just ask a question? So let's just take exactly what you just said. So if it's a blended juvenile and adult sentence, which part of that as a federal court do we look at for purposes of the federal statute? It's part juvenile, it's part adult. Is it your contention that the juvenile part just wipes out the adult conviction? Yes, because it would be my position that the original sentence was a juvenile sentence. It later changed into an adult sentence. Then doesn't he have an adult sentence? I guess he does, but the question becomes what was the original adjudication of that case with the juvenile court? No court of general jurisdiction had any type of authority over Mr. Baker at any time throughout this case. So I think you have to look at how did the court originally dispose of the case, and it did so by ordering everything under the juvenile context. And then three years later, he came back to the court and the court then looked at him and said, OK, well, how have you done? And this is going to be your sentence moving forward from age 19 on. But I think that three year period is what makes this case unique in that there's no direct authority that I could find in the Sixth Circuit, Michigan, or anywhere that says, with presidential authority, that this has to be treated as an adult conviction. I'm not sure there's anything that addresses blended sentencing at all in the law. So I think we're looking at somewhat a case of first impression. Kind of hard to say that it's solely a juvenile adjudication when he is sentenced to prison as an adult based upon the conviction. That's what we look for. We look to see if he's got convictions right. But I'm not sure he's sentenced as an adult based. To me, it's unclear whether he's sentenced as an adult based on the original sentence that was imposed, or because from the time of the original sentence until he went back three years later, he didn't satisfy the terms of the court. He didn't make the rehabilitative process progress that the court wanted to see from him in that three year time period. I think it's just as likely he could have been ordered to this residential facility, came into the court three years later at age 19, made all kinds of progress, and the court could have said, OK, well, we're going to continue to follow the juvenile process. I mean, we're trying to determine whether he has convictions, two convictions in 1997. And there is a judgment of conviction, is there not? That is what is on. That's what it's called. It's not a judgment of adjudication. It's called a judgment of conviction, right? Correct. That is what it says. But I do think that under Michigan law and Ohio law, there is some loose authority that says that these blended sentences normally do result from a juvenile disposition or a juvenile adjudication. People versus Petty is one example of that in Michigan. And then I'll probably butcher it, Buccio versus Sutherland is out of Ohio. While it's a Southern District of Ohio case, it still gives the definition that a blended sentence is a traditional juvenile disposition, which I think ultimately should affect how this court views that blended sentence for Mr. Baker's case. So given that, we would just ask that this court vacate Mr. Baker's sentence. And then due to the other issues in the brief, we also ask that you vacate his. You want to talk about the double jeopardy issue? Briefly, yeah. So the main gist of that argument is that 2251E and 2260A both address the same conduct. The only difference being that 2260A requires you to be a registered sex offender. Arguably, they both require that. But isn't that the point? There's that difference. Doesn't that make all the difference in the world for a double jeopardy claim? Well, I think that that can be argued, certainly. But I think that this court in U.S. versus Wilson and U.S. versus Ely, both of those cases kind of allow for a little bit of a difference between two statutes and still say, OK, well, this is either a lesser included offense or it does violate double jeopardy. In U.S. versus Wilson, the court was addressing 924C and 924J. And it said 924C requires proof of the defendant knowingly using and carrying a firearm during and in relation to a crime of violence, while 924J requires proof of the same plus that the defendant caused someone's death in the course of a 924C violation. So there is an additional element for 924J. But nevertheless, the court basically said that because the same elements were required under both, it did, for purposes of double jeopardy, count as the same offense as 924C and 924J and ultimately violated the double jeopardy clause. Do we even have to look at the elements of the two statutes? I mean, isn't double jeopardy, don't we look to the intent of Congress to see if there's double jeopardy by statutes? Isn't that what we do? That is the starting point. But if the intent of Congress is not clear, then you still ultimately default. Isn't 2260A very clear that whoever is required to register and commits a felony, and then one of the statutes is 2251, shall be sentenced to a term of imprisonment to 10 years in addition to the imprisonment imposed for the offense? I mean, isn't that as clear as day that Congress says you get an extra 10 years under 2260A if there's a violation of 2251? Well, I think there's 2251A and then there's 2260A, but there's also this additional enhanced provision under 2251E. So ultimately, there's 30 additional years that can be added to his sentence under the two different statutes for the exact same offense. That's what Congress intended. That's what we impose, isn't it? But I think what Congress intended was if you're convicted under 2251A, not necessarily the enhancements of 2251E. Oh, okay, it doesn't apply to the enhancements under the statute. That's what I would interpret it to be. I think the enhancements are where the double jeopardy, because both of those, 2251E and 2260A, require the exact same proof. It doesn't have that limitation that you're talking about. It just says 2251. It doesn't say A or E or a part of it. It just says the entire statute. It says this section, yeah. Yeah. Okay, I see you're out of time. Any further questions, Judge Morrison? Thank you. All right, you'll have your rebuttal. Mr. Yeager. Good morning. Morning, your honors. May it please the court. John Schall on behalf of the United States government. The district court correctly decided all three issues that Mr. Baker raised on appeal. He had two prior convictions within the meaning of section 2251E because he went through a Michigan process by which he was designated by the prosecutor for trial in the same manner as an adult. That process contained all of the same guarantees, procedural rights, and processes as any other criminal proceeding. Ultimately, Mr. Baker pleaded guilty. And I think that is a key point that he pleaded guilty to a criminal offense. He wasn't engaging in a plea of admission that he had been delinquent. There wasn't a finding that he was a juvenile delinquent. Instead, the documents made clear that he had a plea of guilty and a judgment of conviction was entered against him. I think it's also relevant as well that he, of course, was ultimately convicted and then sentenced to prison, which is only possible through this process rather than under some sort of juvenile adjudication scheme. The district court also correctly determined that Mr. Baker's convictions and sentences under 2251 and 2268 did not violate the Double Jeopardy Clause. As Judge Griffin noted earlier, the key question here is ultimately congressional intent. Congress' intent couldn't be any clearer in this case that it asked and called for cumulative punishment in a case like this that was in addition to any sentence, that's language that the statute uses, any sentence that was imposed under 2251. And this wasn't really addressed, but I'll briefly just state that the testimony of the two victims was properly admitted. It wasn't an abuse of discretion. And in any event, even if it should not have been admitted, there was more than enough evidence in this case, and any error would be harmless error. Unless the court has any questions. Any questions? Judge Larson? All right. Thank you, counsel. All right, three minutes rebuttal. Mr. Jaeger? Jaeger? Unless the court has any questions, I don't really have anything additional to add. All right. Mr. Counsel, I want to thank you for accepting this assignment pursuant to the Criminal Justice Act, and our court functions so much better when we have good counsel accepting cases and representing their clients in a great manner like you have here. So thank you for accepting this assignment and arguing well on behalf of your client.